**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICARDO MEJIA | * | |
| 1419 Kanawha Street, Apt. #202 | * | |
| Hyattsville, Maryland 20783 | * | |
| | * | |
| and | * | |
| | * | |
| RENE DUARTE | * | Case No.:  1:15-cv-2119 |
| 1419 Kanawha Street, Apt. #202 | * | |
| Hyattsville, Maryland 20783 | * | |
| | * | |
| and | * | |
| | * | |
| NORMA LOPEZ | * | |
| 1419 Kanawha Street, Apt. #202 | * | |
| Hyattsville, Maryland 20783 | * | |
| | * | |
| and | * | |
| | * | |
| MARVIN LOPEZ | * | |
| 1419 Kanawha Street, Apt. #202 | * | |
| Hyattsville, Maryland 20783 | * | |
| | * | |
| and | * | |
| | * | |
| MELVIN LOPEZ | * | |
| 1419 Kanawha Street, Apt. #202 | * | |
| Hyattsville, Maryland 20783 | * | |
| | * | |
| PLAINTIFFS | * | |
| | * | |
| v. | * | |
| | * | |
| PHOENIX TRADES, LLC | * | |
| Serve: CSC-Lawyers Incorporating Service | * | |
| 7 St. Paul Street, Suite 1660 | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| Maynor J. Reyes | * | |
| 6901 24th Avenue, | * | |
| Hyattsville, Maryland 20783 | * | |
| | * | |
| DEFENDANTS | * | |

*******************************************************************

**COMPLAINT**

Plaintiffs Ricardo Mejia ("Mejia"), Rene Duarte ("Duarte"), Norma Lopez ("N. Lopez"), Marvin Lopez ("M. Lopez"), and Melvin Lopez ("Me. Lopez") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendants Phoenix Trades, LLC ("Phoenix") and Maynor J. Reyes ("Reyes") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Wage Payment Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

**PARTIES AND JURISDICTION**

1.      Plaintiffs are adult residents of the state of Maryland.  By participating as named plaintiffs in this action, Plaintiffs hereby consent to participate in an action under the FLSA.

2.      Plaintiffs have filed this action against both of their "employers" while they performed work duties in the District of Columbia.  Plaintiffs performed the majority (over 50%) of their work duties for Defendants in the District of Columbia.

3.      The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  (*Del Villar v. Flynn Architectural Finishes,* 664 F.Supp.2d 94, 96 (D.D.C. 2009.))  The DCWPA defines "employer" to include "every individual, partnership, firm, general contractor, subcontractor, association, corporation, the legal representative of a deceased individual, or the receiver, trustee, or successor of an individual, firm, partnership, general contractor, subcontractor, association, or corporation, employing any person in the District of Columbia."  (D.C. Code § 32-1301.)

4.      Phoenix is a limited liability company formed under the laws of Maryland with its principal place of business in Maryland.  Phoenix performed work in the District of Columbia.

5.      On information and belief, at all times during Plaintiffs' employment period, Reyes was the primary owner and officer of Phoenix.

6.      At all times during Plaintiffs' employment period, Reyes was Plaintiffs' employer.  Reyes operated Phoenix and oversaw Phoenix's day to day operations.

        a.      At all times during Plaintiffs' employment, Reyes had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

        b.      At all times during the period of Plaintiffs' employment, Reyes supervised Plaintiffs' work duties to ensure their work was of sufficient quality.

        c.      At all times during the period of Plaintiffs' employment, Reyes set and controlled or had the power to set and control Plaintiffs' work schedule.

        d.       At all times during the period of Plaintiffs' employment, Reyes controlled or had the power to control Plaintiffs' rates and methods of pay.

        e.      At all times during the period of Plaintiffs' employment, Reyes had the power to control the day-to-day operations of Phoenix.

7.      On information and belief, at all times during the period of Plaintiffs' employment, Reyes was charged with maintaining employment records relating to Plaintiffs and did not cause such records to be maintained.

8.      At all times during the period of Plaintiffs' employment, Reyes controlled and was in charge of the day-to-day operations of Defendants' business.

9.      At all times during Plaintiffs' employment, Defendants used products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

10.     On information and belief, each year during Plaintiffs' employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

11.     At all times during Plaintiffs' employment, Plaintiffs and other individual employees, while engaged in their employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiffs were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12.     Pursuant to the foregoing, at all times, both Defendants were Plaintiff's "employers" for purposes of the FLSA and DCWPA.

13.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

### Plaintiff Mejia

14.     Mejia was employed by Defendants from approximately March 2013 through approximately November 2013.

15.     Mejia worked as an electrician at a rate of $140.00 per day.

16.     Mejia was paid in checks that could not be cashed due to insufficient funds and is owed proper compensation.

17.     On October 3, 2013, Mejia was paid a check in the amount of $1,000.00 that could not be cashed.  On October 18, 2013, Mejia was paid $820.00 in cash and promised an

additional $1,300.00 that was never paid. On November 23, 2013, Mejia was paid a check in the amount of $350.00 that could not be cashed. On December 3, 2013, Mejia was paid a check in the amount of $840.00 that could not be cashed.

18. Mejia is owed a total of $3,490.00 in unpaid wages.

**Plaintiff Duarte**

19. Duarte was employed by Defendants from approximately July 2012 through approximately October 2013.

20. Duarte worked as an electrician at a rate of $140.00 per day.

21. Duarte was paid in checks that could not be cashed due to insufficient funds and is owed proper compensation.

22. On October 4, 2013, Duarte was paid a check in the amount of $1,260.00 that could not be cashed. On October 5, 2013, Duarte was paid a check in the amount of $800.00 that could not be cashed. On October 18, 2013, Duarte was paid $1,480.00 in cash and promised an additional $1,700.00 that was never paid. On November 23, 2013, Duarte was paid a check in the amount of $700.00 that could not be cashed. On November 30, 2013, Duarte was paid a check in the amount of $700.00 that could not be cashed. On December 3, 2013, Duarte was paid a check in the amount of $700.00 that could not be cashed. On December 3, 2013, Duarte was paid an additional check in the amount of $480.00 that could not be cashed.

23. Duarte is owed a total of $6,340.00 in unpaid wages.

**Plaintiff N. Lopez**

24. N. Lopez was employed by Defendants from approximately July 2012 through approximately October 2013.

25. N. Lopez worked as an electrician's helper at a rate of $100.00 per day.

26.     N. Lopez was paid in checks that could not be cashed due to insufficient funds and is owed proper compensation.  On December 3, 2013, N. Lopez was paid a check in the amount of $400.00 that could not be cashed.

27.     N. Lopez is owed a total of $400.00 in unpaid wages.

**Plaintiff Ma. Lopez**

28.     Ma. Lopez was employed by Defendants from approximately August 2013 through approximately December 2013.

29.     Ma. Lopez worked as a laborer at a rate of $80.00 per day.  Ma. Lopez was paid in checks that could not be cashed due to insufficient funds and is owed proper compensation.

30.     On October 5, 2013, Ma. Lopez was paid a check in the amount of $800.00 that could not be cashed.  On December 3, 2013, Ma. Lopez was paid a check in the amount of $480.00 that could not be cashed.

31.     Ma. Lopez is owed a total of $1,280.00 in unpaid wages.

**Plaintiff Me. Lopez**

32.     Me. Lopez was employed by Defendants from approximately August 2013 through approximately December 2013.

33.     Me. Lopez worked as a laborer at a rate of $80.00 per day.

34.     Me. Lopez was paid in checks that could not be cashed due to insufficient funds and is owed proper compensation.

35.     On October 5, 2013, Me. Lopez was paid a check in the amount of $800.00 that could not be cashed.  On December 3, 2013, Me. Lopez was paid a check in the amount of $480.00 that could not be cashed.

36.     Me. Lopez is owed a total of $1,280.00 in unpaid wages.

37.     An employer who violates the FLSA is ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

38.     The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

39.     The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C. 1999) (citation omitted).

40.     Here, Defendants' failure to pay Plaintiffs wages as required by Federal Law and District of Columbia law was not the product of good faith and Defendants had no reasonable grounds for believing their failure to pay Plaintiffs wages was in compliance with Federal or District of Columbia law.

41.     Defendants cannot meet their burden of an affirmative showing to avoid the imposition of liquidated damages.

42.     In addition to their unpaid wages, Plaintiffs are entitled to liquidated damages in an equal amount.

43.     In addition to wages owed, the DCWPA (DC Code § 32–1303(4)) calls for employers to "be additionally liable to, the employee, [for] liquidated damages, 10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller."

44.     As the wages in this matter are more than one year past due, three times the amount of the unpaid wages is the smaller level of damages.

45.     Accordingly, Plaintiffs are entitled to treble damages in addition to their wages owed.

46.     Further, the FLSA and DCWPA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendants to Plaintiffs.

47.     Plaintiffs are entitled to payment, by Defendants, of their attorney's fees and costs.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Unpaid Wages)

48.     Plaintiffs re-allege and reassert each and every allegation set forth in the above paragraphs, as if each were set forth herein.

49.     At all relevant times, Plaintiffs were "employees" covered by FLSA, 29 U.S.C. § 207(a)(2) and both of the Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

50.     The FLSA mandates that an employee must be compensated for all hours worked. 29 C.F.R. § 778.223.

51.     As set forth above, Defendants issued checks to the Plaintiffs that could not be cashed.

52.     As set forth above, Defendants owe each Plaintiff proper compensation for unpaid wages.

53.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was

willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for all unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
**Violation of D.C. Wage Payment Act**
**(Unpaid Wages)**

54.     Plaintiffs re-allege and reassert each and every allegation set forth in the above paragraphs, as if each were set forth herein.

42.     Plaintiffs were Defendants' "employees," and both of the Defendants were Plaintiffs' "employers" within the meaning of the DCWPA, D.C. Code § 32-1301(1).

43.     The DCWPA mandates that an employee must be compensated for all hours worked.  (DCWPA, D.C. Code § 32-1302.)

44.     As set forth above, Defendants issued checks to Plaintiffs that could not be cashed.

45.     As set forth above, Defendants owe each Plaintiff proper compensation for unpaid wages.

46.     Defendants' failure and refusal to pay Plaintiffs as required by the DCWPA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II, for all unpaid wages in such an amount to be proven at trial, plus treble damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,


___/s/_Jason D. Friedman_____
Jason D. Friedman, Bar No.: MD18898
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
(301) 587-9373 (phone)
(301) 587-9397 (fax)
Email: jfriedman@zagfirm.com

*Counsel for Plaintiffs*