## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————  )
RICARDO MEJIA, *et al.*,                )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )      Civil Action No. 15-2119 (ABJ)
                                        )
PHOENIX TRADES, LLC, *et al.*,          )
                                        )
            Defendants.                 )
———————————————————  )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ricardo Mejia, Rene Duarte, Norma Lopez, Marvin Lopez, and Melvin Lopez have brought this action against their former employers, Phoenix Trades, LLC and the owner of the company, Maynor J. Reyes, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Wage Payment Act, D.C. Code § 32-1301 *et seq*. Compl. [Dkt. # 1]. Plaintiffs allege that defendants failed to pay them a total of $12,790 in wages earned in the course of their employment, and they seek the unpaid wages, plus treble damages and attorney's fees. *Id*. ¶¶ 2, 4–5, 14–36, 42–47, 49–53.

This civil action was filed on December 8, 2015, and plaintiffs served defendants with the complaint and summons on April 28, 2016. Compl.; Affs. of Service [Dkt. # 5]. On May 18, 2016, when defendants failed to respond to the complaint or otherwise defend against this action within the time required by the Federal Rules of Civil Procedure, the Clerk of Court entered default against defendants. Clerk's Entry of Default [Dkt. ## 8–9]. On August 5, 2016, plaintiffs moved for a default judgment against both defendants, seeking liquidated damages of $12,790, treble damages of $38,370, and attorney's fees and costs totaling $6,377. Mot. for Default J. of Amount Certain [Dkt. # 11] ("Pls.' Mot.") at 1; Mem. in Supp. of Pls.' Mot. [Dkt. # 11-1] ("Pls.' Mem.").

Upon consideration of plaintiffs' submissions, the applicable case law, and statutory authority, the Court will grant plaintiffs' motion.

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Upon entry of default by the Clerk, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002), citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973). After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b). "[A] district court has the discretion to enter default judgment when a defendant fails to defend its case appropriately." *Id.*, citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980).

Here, there has been a complete "absence of any request to set aside the default or suggestion by the defendant[s] that [they have] a meritorious defense," and so "it is clear that the standard for default judgment has been satisfied." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotation marks and citations omitted). "Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, when "[m]oving for a default judgment, the plaintiff must prove its entitlement to the requested damages." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30, citing *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). "In ruling on such a motion, the court may rely on detailed affidavits

2

or documentary evidence to determine the appropriate sum for the default judgment." *Id.*, citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). "[T]he movant is entitled to all reasonable inferences from the evidence offered." *Id.*, citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

In this case, plaintiffs claim that they were employed by Phoenix Trades, which was operated and overseen by defendant Reyes, and that defendants failed to pay them the wages to which they were entitled for work performed in 2012 and 2013. Compl. ¶¶ 2, 4–8, 14, 18, 19, 23–24, 27–28, 31–32, 36. In support, they offer affidavits from each plaintiff, as well as cash receipts and copies of the paychecks they state they received but were unable to cash. Exs. to Pls.' Mot. [Dkt. ## 11-3 to 11-7, 11-9 to 11-12]; *see also* Compl. ¶¶ 17, 22, 26, 30, 35. Plaintiffs seek $12,790 in back pay, plus treble damages and attorney's fees, under the FLSA and the Wage Payment Act. Pls.' Mot. at 1.

The FLSA and the Wage Payment Act both require that employers pay their employees the wages which they are entitled for all hours worked. *See* 29 C.F.R. § 778.223 ("Under the [FLSA] an employee must be compensated for all hours worked."); D.C. Code § 32-1302. Where an employer fails to comply with these requirements, both statutes provide for liquidated damages in the amount of the wages owed. 29 U.S.C. § 216(b); D.C. Code § 32-1308(a)(1). Furthermore, in certain circumstances, the Wage Payment Act provides for additional damages of "10 per centum of the unpaid wages for each working day during which [the] failure [to pay] shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller." D.C. Code § 32-1303(4). Here, deeming the allegations of the complaint to be admitted upon default, *see R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30, and upon review

of the evidence submitted, the Court finds that plaintiffs have shown that they are entitled to the damages they seek.

First, the Court concludes that defendants Reyes and Phoenix Trades qualify as "employers" under the relevant statutes. The FLSA defines the term employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "To 'employ' includes 'to suffer or permit to work.'" *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10 (D.C. Cir. 2001), quoting 29 U.S.C. §§ 203(e)(1), 203(g). In this Circuit, in determining whether an entity or individual qualifies as an employer under the FLSA, courts consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 11, quoting *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994).[1]

Plaintiffs allege that defendant Phoenix Trades "is a limited liability company formed under the laws of Maryland with its principal place of business in Maryland," and that "at all times during Plaintiffs' employment period, Reyes was the primary owner and officer of Phoenix." Compl. ¶¶ 4–5. They also contend that defendant Reyes "operated Phoenix and oversaw Phoenix's day to day operations." *Id.* ¶ 6. According to plaintiffs, Reyes had the power to hire, fire, suspend, and discipline employees, supervised their work duties, set work schedules, controlled rates and

---

1       The Wage Payment Act contains an even more expansive definition of employer – it "includes every individual, partnership, firm, general contractor, subcontractor, association, corporation, the legal representative of a deceased individual, or the receiver, trustee, or successor of an individual, firm, partnership, general contractor, subcontractor, association, or corporation, employing any person in the District of Columbia," except for the governments of the United States and the District of Columbia, or any agency of those governments. D.C. Code § 32-1301(1). Accordingly, if a defendant qualifies as an employer under the FLSA, it will also qualify as an employer under the Wage Payment Act.

methods of pay, and maintained employment records. *Id.* ¶¶ 6–8. These allegations, taken as true, are sufficient to establish that Reyes and Phoenix Trades qualify as plaintiffs' employers under both statutes, and that the defendants are jointly and severally liable to plaintiffs for the unpaid wages. *See* 29 C.F.R. § 791.2 ("[A]ll joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek.").

Second, the Court finds that the plaintiffs have proven their entitlement to the damages they seek. Plaintiffs aver that they are each owed a sum certain – plaintiff Mejia a total of $3,490 in unpaid wages, plaintiff Duarte a total of $6,340 in unpaid wages, plaintiff Norma Lopez a total of $400 in unpaid wages, plaintiff Marvin Lopez a total of $1,280 in unpaid wages, and plaintiff Melvin Lopez a total of $1,280 in unpaid wages – and they support these claims with documentary evidence in the form of cash receipts for the wages owed and copies of the checks they contend they were unable to cash. *See* Exs. to Pls.' Mot. Based on that evidence and plaintiffs' sworn statements, the Court finds that the amount of damages is sufficiently certain and that plaintiffs have "prove[n] [their] entitlement to the requested damages." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30.

Under the Wage Payment Act, where an employee is discharged, quits, or resigns, the employer is obligated to pay all wages owed to the employee within a week of the employee's separation. D.C. Code § 32-1303(1)–(2). If the employer fails to do so, the statute entitles the employee to liquidated damages in the amount of "10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller." *Id.* § 32-1303(4). Here, plaintiffs have shown that defendants failed to pay them the wages owed

since their employment ended in 2013, and so the Court concludes that they are entitled to treble damages under the Wage Payment Act.[2]  Accordingly, the Court will enter a default judgment against both defendants, jointly and severally, in the amount of $51,160.

Plaintiffs also seek attorney's fees and costs as part of the default judgment.  Pls.' Mem. at 8–9.  The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  In support of the fee request, plaintiffs have provided the declaration of their counsel of record, Jason D. Friedman.  Decl. of Jason D. Friedman [Dkt. # 11-13] ("Friedman Decl.").  Friedman avers that he billed plaintiffs at a rate of $315 per hour and that he expended 18.8 hours on this matter to date, for a total fee request of $5,922, and he provides an itemized invoice in support of his sworn statement.  *Id.* ¶¶ 1, 3–6; Invoice [Dkt. # 11-14] at 1–2.  He also explains that he expended $455 in costs.  Friedman Decl. ¶¶ 5–6; Invoice at 2.  Upon review of counsel's declaration and the itemized invoice detailing the efforts expended in prosecuting this matter, the Court finds that the requested attorney's fee award is reasonable and adequately supported.

---

2       Plaintiffs state, and the Court agrees, that "[b]ecause these unpaid wages became due and owing in 2013 . . . treble damages in addition to unpaid wages is smaller" than the ten-percent of owed wages for each working day since the failure to pay began.  Pls.' Mem. at 7 n.2.

For those reasons, it is **ORDERED** that plaintiffs' motion for default judgment is **GRANTED**, and judgment is hereby entered against defendants Phoenix Trades, LLC and Maynor J. Reyes in the principal amount of $51,160, plus attorney's fees and costs of $6,377, for a total judgment of $57,537.

       **SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  October 7, 2016